IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTONIO GORHAM,

   Petitioner,

v.

STATE OF MARYLAND,

   Respondent.

Civil Action No.: PX-22-3233

**MEMORANDUM OPINION**

Antonio Gorham brings this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, collaterally attacking his 2013 state conviction for first degree assault and robbery. ECF No. 1. Respondent contends that Gorham's claims are procedurally defaulted, prohibiting this Court from reaching the merits of the Petition. ECF No. 5. Gorham has replied. ECF No. 6. The Petition is ready for resolution and no hearing is necessary. *See* Loc. R. 105.6; *see also* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts; Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000). For the following reasons, the Court denies the Petition and declines to issue a certificate of appealability.

**I.    Background**

On August 13, 2013, Gorham and his co-defendant, Spanish Crowder, were indicted on charges of attempted second degree murder, robbery, first degree assault, and conspiracy, arising from the beating and robbery of a man outside the Penn Liquor Store in Baltimore City, Maryland. The attack was captured on surveillance video maintained by the store. ECF No. 5-1 at 106.

Before trial, Gorham's counsel moved to exclude the anticipated identification testimony of two police Detectives, Aaron Cain[1] and Tavon Moore. ECF No. 5-2. The detectives were expected to identify Gorham as one of the assailants captured on the surveillance video. At the pretrial hearing, the detectives explained how each knew Gorham. *Id*. at 60-81, 83-109. Detective Cain testified that while working as a patrol officer, he had previously encountered Gorham approximately 10 to 15 times over three to five years. *Id*. at 65. Detective Moore testified that he recognized Gorham in the surveillance video, but Moore could not recall Gorham's name, or when or how many prior contacts he had with Gorham. *Id*. at 85, 102-03. Moore also confirmed that five days after the attack, Moore had photographed Gorham outside the liquor store "wearing the same hat and the same shirt he was wearing in the video." *Id*. The Circuit Court permitted Detective Cain but not detective Moore to testify at trial about whether it was Gorham in the surveillance footage. ECF No. 5-4 at 157-58.

On the first day of trial, Crowder pleaded guilty to first degree assault and robbery and was sentenced to ten years' incarceration. ECF No. 5-5 at 17-18. At trial, the state played the video surveillance during Detective Cain's testimony while Cain testified about the persons in the video, including Gorham. ECF 5-5 at 82-139. Detective Moore testified solely about taking Gorham's picture in front of the liquor store. ECF No. 5-5 at 146-47. As for Gorham, his counsel called one witness – the codefendant, Crowder. ECF No. 5-6 at 18-25. Crowder testified that Gorham had not been at Penn Liquors; that he did not know Gorham, and that he did not recall talking with anyone that night because he was "blacked out" drunk. *Id*. at 21, 25.

---

[1] Detective Cain's name is also spelled "Kane" in the State court records. For consistency and clarity, this Court will refer to him as Detective Cain.

2

The jury found Gorham guilty of first-degree assault and robbery. ECF No. 5-6 at 97-98. The Circuit Court sentenced Gorham to 25 years' incarceration on both counts to run concurrently. ECF No. 5-7 at 10-11. Gorham appealed, arguing the Circuit Court erred in allowing Detective Cain to identify Gorham in the video and in allowing the prosecutor to argue that the Detectives' experience as police officers enhanced their reliability as witnesses.[3] ECF No. 5-1 at 44. Gorham failed to object to the admission of the evidence at trial, and so the Appellate Court of Maryland reviewed the trial court's decisions for plain error. *Id*. at 107. As to the identification testimony, the Appellate Court concluded that its admission was not "error," plain or otherwise. Alternatively, the Court held that even if error, Detective Cain's testimony did not "seriously affect the fairness, integrity or public reputation of judicial proceedings." ECF No. 5-1 at 115-16. On the prosecutor's closing argument, the Court found no error in the trial court's "decision not to intervene." ECF No. 5-1 at 118-19. Thus, Appellate Court affirmed the convictions.

Gorham petitioned the Maryland Supreme Court for certiorari, but only as to the propriety of allowing Detective Cain's identification testimony. ECF No. 5-1 at 128. The petition was denied on January 29, 2016. *Id*. at 148. On December 6, 2016, Gorham next petitioned for state post-conviction relief in which he asserted that trial counsel had rendered ineffective assistance for failing to challenge the admission of Detective Cain's identification testimony. ECF No. 5-1 at 14. After a hearing, the Circuit Court denied that petition. *Id*. at 16, 18, 19-20. Gorham next sought leave to appeal the denial of post-conviction relief, which the Circuit Court also denied. ECF No. 5-1 at 153-54, 184, 187.

---

[3]  As to the sentence, the State conceded that the Circuit Court erred in imposing two concurrent 25-year prison terms. Ultimately the Court resentenced Gorham to 25 years on the first-degree assault conviction and 15 years for the robbery to run concurrently. ECF No. 5-1 at 6-7.

Gorham next filed the federal Petition. In it, he does not pursue the post conviction ineffectiveness claims. Instead, he argues that the State violated his due process rights by failing to disclose in advance of trial that two of the many involved officers could not identify him as an assailant. ECF No. 1 at 4-5. Gorham also argues that the State had sponsored Cain's "perjured" testimony at trial. This is so, says Gorham, because Detective Cain testified at trial that he could not remember the number of previous encounters he had with Gorham, yet at the pretrial hearing, Cain had estimated 10 to 15 such encounters. *Id*. at 10-11. Gorham argues that Detective Cain's "lie" at the pretrial hearing had been the court's factual basis for denying Gorham's motion to exclude Cain's testimony at trial. *Id*.

Respondent principally argues that both claims are procedurally defaulted because Gorham never raised them in any state proceedings. ECF No. 5 at 29. For the following reasons, the Court agrees with Respondents.

**II. Analysis**

Before a federal court may consider a claim raised in a federal habeas petition, the petitioner must first present the claim in state court and pursue it at every stage of the state proceeding, whether through post-conviction or on direct appeal. *See Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991) (failure to note timely appeal); *Murray v. Carrier*, 477 U.S. 478, 489-91 (1986) (failure to raise claim on direct appeal); *Murch v. Mottram*, 409 U.S. 41, 46 (1972) (failure to raise claim in post-conviction petition); *Bradley v. Davis*, 551 F. Supp. 479, 481 (D. Md. 1982) (failure to seek leave to appeal denial of post-conviction relief). Failure to do so renders the claim procedurally defaulted, foreclosing federal habeas relief. *Mickens v. Taylor*, 240 F.3d 348, 356 (4th Cir. 2001); *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998).

Even if a claim is procedurally defaulted, this Court may still address the claim if the petitioner provides sufficient "cause" for not raising the claim and "actual prejudice" resulting from the error. *See Bousley v. United States*, 523 U.S. 614, 622 (1998); *see also Dretke v. Haley*, 541 U.S. 386, 393 (2004); *Reed v. Farley*, 512 U.S. 339, 354 (1994); *United States v. Frady*, 456 U.S. 152, 167-68 (1982). "Cause" consists of "some objective factor external to the defense [that] impeded counsel's efforts to raise the claim in state court at the appropriate time." *Id.* (quoting *Murray*, 477 U.S. at 488).

Alternatively, the Court may reach a defaulted claim to avoid a miscarriage of justice; that is, conviction of one who is actually innocent. *See Murray*, 477 U.S. at 495-96; *Breard*, 134 F.3d at 620. "[When] a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Id.; see also Reid v. True*, 349 F.3d 788, 806 (4th Cir. 2003). Assertions of actual innocence used as a gateway to review an otherwise defaulted claim must be supported by new evidence that demonstrates no reasonable juror could not have convicted the petitioner. *See Buckner v. Polk*, 453 F.3d 195, 199-200 (4th Cir. 2006).

Here, Gorham has not previously raised either due process argument that he makes now. The claims asserted are therefore procedurally defaulted.[8] Nor has Gorham advanced any other reason as to why he was prevented from raising the arguments sooner, or demonstrated that the claimed error prejudiced him. Finally, Gorham has not given this Court anything from which to conclude that a fundamental miscarriage of justice would result absent reaching the claim. While

---

[8] Even if Gorham's claims were not procedurally defaulted, they would not entitle him to relief. This Court gives "considerable deference to the state court decision," and may not grant habeas relief unless the state court arrived at a "'decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' or 'a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Nicolas v. Att'y Gen. of Md.*, 820 F.3d 124, 129 (4th Cir. 2016) (quoting 28 U.S.C. § 2254(d)). Gorham has made no such showing.

Gorham generally maintains his innocence, he has not marshaled any evidence demonstrating as much. *See Schlup v. Delo*, 513 U.S. 298, 316 (1995). The Petition, therefore, must be dismissed.

## III.     Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases provides that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability, a habeas petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Buck v. Davis*, 137 S. Ct. 759, 773 (2017); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). When a district court rejects constitutional claims on the merits, a petitioner satisfies this standard by demonstrating that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck*, 137 S. Ct. at 773 (citation omitted). When a petition is denied on procedural grounds, the petitioner meets the standard by showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Gorham has not made the requisite showing. Accordingly, the Court declines to issue a certificate of appealability. Gorham may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003).

For the foregoing reasons, the Petition is denied. A separate Order follows.

5/19/23                                                                              /S/
_____                                            _____
Date                                                                              Paula Xinis
                                                                                      United States District Judge